UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Tron E. Anderson, # 291701, ) | C/A No. 8:08-3295-SB-BHH |
| ) | |
| Petitioner, ) | |
| ) | Report and Recommendation |
| vs. ) | |
| ) | |
| Warden McKither Bodison, ) | |
| ) | |
| Respondent. ) | |
| ) | |

Introduction

The petitioner, Tron E. Anderson, proceeding *pro se*, brings this action pursuant to 28 U.S.C. § 2241 for habeas relief.[1]  Petitioner is incarcerated in the Lieber Correctional Institution, a facility of the South Carolina Department of Corrections, serving a ten-year sentence.  He alleges that upon completion of the state sentence he will have to serve a consecutive 188-month federal sentence imposed in Criminal Action No. 1:03-1140-MBS.  In this action which is filed *in forma pauperis* under 28 U.S.C. § 1915, the petitioner requests that his federal sentence be vacated for a re-sentencing.  This action should be re-characterized as a § 2255 habeas petition.

*Pro Se* and *In Forma Pauperis* Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* petition filed in the above-captioned case.  The review was conducted pursuant to the procedural provisions of 28 U.S.C. § 1915, the Anti-Terrorism and Effective Death Penalty Act of 1996, Pub. L. 104-132, 110 Stat. 1214, and in light of the following

---

[1] Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the District Court.

precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

This Court is required to construe *pro se* petitions liberally. *Erickson v. Pardus*, 127 S.Ct. 2197, 2200 (2007). Such *pro se* petitions are held to a less stringent standard than those drafted by attorneys, and a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.1978). When a federal court is evaluating a *pro se* petition, the petitioner's allegations are assumed to be true. *Hughes*, 449 U.S. at 9. The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *See Weller v. Dep't of Social Servs.*, 901 F.2d 387 (4th Cir. 1990). Furthermore, this Court is charged with screening the plaintiff's lawsuit to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of Rules governing 2254 and Habeas Corpus cases.

## Discussion

The petitioner alleges, and the record from Criminal Action No. 1:03-1140-MBS reveals, that he pled guilty in this district court to felon in possession of a firearm. On February 23, 2005, this court sentenced the petitioner as an armed career offender to 188- months imprisonment to run consecutive to his ten-year sentence imposed by a South Carolina court. The petitioner did file a direct appeal, and the Fourth Circuit Court of Appeals affirmed his conviction and sentence on November 14, 2005. *United State v.*

*Anderson*, Criminal Action No. 1:03-1140-MBS (docket entry # 45).  It appears that the petitioner has *not* filed a habeas petition pursuant to 28 U.S.C. § 2255 in this court.[2]  The petitioner did, however, file a habeas petition pursuant to 28 U.S.C. § 2254, seeking to vacate his 2002 state court convictions related to distribution of crack cocaine.  *See Anderson v. Bodison*, Civil Action No. 8:08-2260-SB-BHH.  That action is pending in this court.

In this § 2241 habeas petition, the petitioner alleges that his sentence as an armed career offender under the Armed Career Criminal Act ("ACCA") is illegal.  He appears to claim that one of the prior violent felonies was a conviction for possession of marijuana with intent to distribute.  He alleges that the crime "possession of marijuana with intent to distribute" should be considered a non-violent offense.  Therefore, he claims that he should be re-sentenced under the sentencing guidelines and not pursuant to the ACCA.[3]

A § 2241 petition generally challenges the execution or implementation of a federal prisoner's sentence, such as parole matters, computation of sentence by prison officials, prison disciplinary actions, and prison transfers.  *Manigault v. Lamanna*, No. 8:06-047-JFA-BHH, 2006 WL 1328780 at *4 (D.S.C. 2006).  A writ under § 2241 by a federal prisoner must be brought against the warden of the facility where the prisoner is being held, and a

---

[2] Notably to file a § 2255 petition, a prisoner must be "in custody" under sentence of a district court.  The petitioner appears to satisfy this requirement because he was sentenced to a consecutive term by the federal district court.  *See Peyton v. Rowe*, 391 U.S. 54 (1968); *Garlotte v. Fordice*, 515 U.S. 39 (1995).

[3] Although the petitioner does not rely on any case law, this court notes that a recent Supreme Court decision held that New Mexico's driving under the influence crime is not a "violent felony" within the meaning of the ACCA.  *See Begay v. United States*, 128 S. Ct. 1581 (2008).

court may only issue a writ if it has jurisdiction over the custodian. *Rumsfeld v. Padilla*, 542 U.S. 426 (2004); 28 U.S.C. § 2241(a). Because the petitioner is incarcerated in the District of South Carolina and his warden is named as the respondent, this § 2241 petition was properly filed in this Court.

The core issue in this case is whether the petitioner's claims are cognizable under § 2241. The petitioner raises one claim – "did the court error (sic) in using a prior marijuana PWID conviction as a violent offense for enhancement purposes?? (sic)" (Pet. at p. 5) This claim is a collateral attack on the petitioner's imposed sentence. Title 28 U.S.C. § 2255 is the primary means under which a federal prisoner may collaterally attack the legality of his conviction or sentence. The statute provides that:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255. The petition clearly seeks to vacate his sentence, and such a petition is more properly reserved for the sentencing court pursuant to § 2255. *See In re Vial*, 115 F.3d 1192 (4th Cir. 1997). Of course, in the petitioner's case, this district court is the sentencing court.

A petition under § 2241 is available for a federal prisoner to collaterally attack his conviction or sentence, however, when a motion under § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255; *see also Swain v. Pressley*, 430 U.S. 372, 381 (1977). The Fourth Circuit unequivocally held that "§ 2255 is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision. A

4

contrary rule would effectively nullify the gatekeeping provisions." *In re Jones*, 226 F.3d 328, 333 (4th Cir. 2000). Nonetheless, the Court concluded, "[T]here must exist some circumstance in which resort to § 2241 would be permissible; otherwise, the savings clause itself would be meaningless." *Id.* In one scenario has the Fourth Circuit deemed "§ 2255 inadequate and ineffective to test the legality of a conviction":

> [W]hen: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*Jones*, 226 F.3d at 333-34. The facts alleged by the petitioner do not meet this criteria; thus, he is precluded from relief under § 2241.

It is in the interest of justice to re-characterize this § 2241 habeas petition as a § 2255 habeas petition for several reasons -- the AEDPA one-year statue of limitations may be an issue and the relief sought by the petitioner is clearly within the scope of § 2255. If this action is re-characterized as a § 2255 petition, the petitioner is hereby informed that any subsequent § 2255 motion will be subject to the restrictions on successive or second § 2255 motions.[4] Accordingly, the petitioner may withdraw his petition or amend it so that it contains all of the § 2255 claims that he believes he has. *See United States v.*

---

[4] Before a petitioner may litigate a second § 2255 habeas petition, the "second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain – (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. 28 U.S.C. § 2255; *see also* 28 U.S.C. § 2244 (regarding the finality of determination).

*Blackstock*, 513 F.3d 128 (4th Cir. 2008); *United States v. Castro*, 540 U.S. 375 (2003). **As explained on the last page of this Report and Recommendation, the petitioner is given ten (10) days to file objections to this Report and Recommendation, and the petitioner must also withdraw his petition or amend it so that it contains all of the § 2255 claims that he believes he has, if he chooses to do so, within the same ten (10)-day deadline.**

Recommendation

Accordingly, it is recommended that the above-captioned case be re-characterized as a habeas petition pursuant to 28 U.S.C. § 2255.[5] *See Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 656 (4th Cir. 2006) (district courts are charged with the duty to independently screen initial filings and dismiss those actions that plainly lack merit without requesting an answer from the respondent); and the Anti-Terrorism and Effective Death Penalty Act of 1996, Pub. L. 104-132, 110 Stat. 1214. ***The petitioner's attention is directed to the important notice on the next page.***

                                                             s/Bruce Howe Hendricks
                                                             United States Magistrate Judge

October 9, 2008
Greenville, South Carolina

---

[5] If this recommendation is accepted, the Clerk of Court should re-assign this habeas action to the United States District Judge who handled the petitioner's federal criminal case in accordance with the Case Assignment Manual.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P. O. Box 10768
> Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).